IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brittani M. Johnson,                                  Case No. 23-cv-01529

         Plaintiff,

      v.                                                    **ORDER**

Commissioner of Social Security,

         Defendant.

       This is an appeal from the denial of Social Security benefits. On August 7, 2023, Plaintiff Brittani M. Johnson filed a Complaint seeking review of Defendant's denial of her application for a Period of Disability and Disability Insurance Benefits (DIB) beginning on June 1, 2021. (Doc. 6, PgID. 133).

       On September 20, 2022, an Administrative Law Judge (ALJ) Dianne S. Mantel issued a written decision finding that the Plaintiff was not disabled. (Doc. 6, PgID. 130–52). The decision became final on June 12, 2023, when Defendant's Appeals Council declined further review. (Doc. 6, PgID. 31).

       Pursuant to Northern District of Ohio Local Rule 72(b) (Automatic Reference) I referred the Complaint to Magistrate Judge Darrell A. Clay for issuance of a Report & Recommendation (R&R). (*See* Docket Entries, August 7, 2023). Judge Clay filed an R&R on June 11, 2024. (Doc. 13).

       In the R&R, Judge Clay recommends that I affirm the ALJ's decision. The Magistrate Judge duly notified the parties of the deadline for filing objections. On June 25, 2024, Plaintiff filed one Objection to the R&R. (Doc. 14). On July 8, 2024, Defendant responded. (Doc. 15).

On *de novo* review, *see* 28 U.S.C. § 636(b)(1), I find the R&R well-taken in all respects. I overrule Plaintiff's objection, adopt the R&R as the Order of the Court, and affirm the Commissioner's decision.

## Discussion

Northern District of Ohio Local Rule 72.3(b) states, regarding objections to an R&R: "Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b)… Such party … shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."

Plaintiff makes one objection to the R&R.

She argues that the Magistrate Judge erred when he found that the ALJ's decision was based on substantial evidence. (Doc. 14, PgID. 1226). She explains that substantial evidence does not support the conclusion that Plaintiff "is able to 'frequently' handle, feel, and finger with her left upper extremity." (*Id*. at PgID. 1227). She notes that, "Of all the physicians who rendered an opinion on Ms. Johnson's ability to feel, handle, and finger, not a single one has given an opinion that Ms. Johnson can do so frequently. Nor does any testimony from Plaintiff or the Vocational Expert support such a conclusion." *Id*. She argues that the ALJ incorrectly discounted the opinions of Dr. Lakin, Dr. Green, and Dr. Nimmagadda as "partially persuasive" to justify this finding. (*Id*.).

Plaintiff fails to set forth an argument regarding any alleged error in the Magistrate Judge's analysis. In sum, Plaintiff asks that I re-weigh the evidence that she presented to the ALJ, which is not appropriate for me (or the Magistrate Judge) to do. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Even so, I have reviewed *de novo* the record with particular attention to those portions relevant to Plaintiff's objection. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

I must affirm the decision of the ALJ so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted).

Defendant argues that the ALJ discussed and acknowledged Plaintiff's allegations of difficulties using her hands. (Doc. 15, PgID. 1234). She discussed examinations of a neurologist and rheumatologist that showed Plaintiff's "grip and pinch strength were good." (*Id.*).

Defendant is correct. The ALJ stated:

> The record also shows a history of carpal tunnel for which she has been prescribed bilateral wrist braces (see e.g., 4F/105). She has not had surgery for this condition nor does the record document positive Phalen's or Tinel's signs on examination (*see e.g.* 6F). Grip and pinch strength were good at rheumatology examinations in February and June 2022 (10F/6-7 & 12F). Further, a recent EMG dated July 2022 only showed evidence of mild carpal tunnel bilaterally, and no definitive evidence of any other mononeuropathy, radiculopathy or peripheral polyneuropathy in the upper extremities. (14F).

(Doc. 6, PgID. 147).

Later, the ALJ noted the results of Dr. Lakin's examination: "Right upper extremity pinch, grasp, and fine and gross motor manipulation were normal. Left upper extremity fine and gross motor skills were decreased, with a grip strength of 4 on the left. Tinel's and Phalen's were negative." (*Id.*).

The ALJ's findings are supported by and consistent with the medical records the ALJ cited. Indeed, the ALJ acknowledged Lakin's observation of a 4 out of 5 grip strength in her left hand.

3

In sum, the ALJ supported her decision with substantial evidence in the record, which she evaluated under proper legal standards.

Plaintiff disagrees with the ALJ's decision. But because the record clearly supports the ALJ's decision, subjective disagreement is not a basis on which I can reverse. *See Bernola v. Comm'r of Soc. Sec.*, 127 F. Supp. 3d 857, 862 (N.D. Ohio 2015) (Carr, J.) (finding that, so long as substantial evidence supports the ALJ's conclusion, I cannot reverse the ALJ's decision even when the plaintiff subjectively disagrees with it).

Accordingly, I entirely agree with the Magistrate Judge's determination that the Commissioner's decision should be upheld. I overrule Plaintiff's objections, adopt the R&R in full, and affirm the Commissioner's decision.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Plaintiff's Objection to the Magistrate Judge's R&R (Doc. 14) be, and the same hereby is, overruled;

2. The Magistrate Judge's R&R (Doc. 13) be, and the same hereby is, adopted as an Order of this Court in a manner consistent with this Opinion; and

3. The Commissioner's final decision be, and the same hereby is, affirmed.

SO ORDERED.

/s/ *James G. Carr*
Sr. U.S. District Judge